IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KHALID WILCOX,<br>Petitioner<br><br>v.<br><br>SUPT of SCI SOMERSET, et al.,<br>Respondents. | :<br>:<br>:  CIVIL ACTION NO. 08-CV-4289<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM AND ORDER**

On January 28, 2008, the Court of Appeals for the Third Circuit received from Petitioner a request for an Order Authoring the District Court to Consider a Second or Successive Application for Relief Under 28 U.S.C. § 2254. Therein Petitioner sought permission to file a petition for writ of *habeas corpus* relief pursuant to 28 U.S.C. § 2241 in this court. The Court of Appeals for the Third Circuit ordered Petitioner to file: the proposed habeas petition, the petition filed in any prior habeas action; the magistrate judge's report; and, the district court opinion regarding the prior habeas action. However, Petitioner had not previously filed a petition for *habeas corpus* relief. Therefore, the Court of Appeals for the Third Circuit transferred this matter to this court.

Upon review of Petitioner's pleading, it appears that he was convicted of first degree murder in June 2001 and is serving a life sentence therefor. Petitioner further claims that the state statute under which he was convicted is unconstitutional. Therefore, he concludes that the relief he seeks is not available to him via a petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 and wishes to proceed pursuant to 28 U.S.C. § 2241.

By asserting that his conviction is unconstitutional Petitioner essentially attacks the

1

validity of his state court conviction. This Court does not have jurisdiction to review the instant petition because § 2241 is not an alternative to 28 U.S.C. § 2254. *See Felker v. Turpin*, 518 U.S. 651, 662, 116 S.Ct. 2333, 2339 (1996) ("authority to grant habeas corpus relief to state prisoners is limited by 28 U.S.C. § 2254, which specifies the conditions under which such relief may be granted to a person in custody pursuant to the judgment of a state court"); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001) ("Congress has attached restrictions to Section 2254 proceedings that should not be circumvented by permitting a petitioner to go forward under the more general authority conferred by Section 2241"). In *Coady* the Court of Appeals for the Third Circuit determined that:

> [W]ith respect to habeas petitions filed by state prisoners pursuant to Section 2254, Congress has restricted the availability of second and successive petitions through Section 2244(b). (footnote omitted). Allowing Coady to file the instant petition in federal court pursuant to Section 2241 without reliance on Section 2254 would circumvent this particular restriction in the event that Coady seeks to repetition for habeas relief and would thereby thwart Congressional intent. Thus, applying the "specific governs the general" canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence.

*Id.* Accordingly, Petitioner herein must rely on § 2254 to challenge his conviction. Therefore, the Court will dismiss the instant petition for lack of subject matter jurisdiction.

AND NOW, this 10² day of March 2009, **IT IS HEREBY ORDERED** that:

1. Petitioner's Application for Relief is **DISMISSED** for lack of subject matter jurisdiction;

2. The Clerk of Court shall promptly furnish Petitioner with a blank copy of this court's current standard form for filing a petition pursuant to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis*;

2

3. Petitioner's application to proceed *in forma pauperis* is **DISMISSED** as moot because Petitioner has already paid the filing fee; for; and,

4. The Clerk of Court shall close this action.

_____
EDUARDO C. ROBRENO, J.